**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4191

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAUL WESLEY HOWELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Elizabeth W. Hanes, District Judge.  (2:22-cr-00051-EWH-DEM-1)

Submitted:  October 31, 2023                    Decided:  November 3, 2023

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  Dennis E. Jones, DENNIS E. JONES, PLC, Abingdon, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Kristin Greene Bird, Special Assistant United States Attorney, Amanda L. Cheney, Assistant United States Attorney, Norfolk, Virginia, Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Wesley Howell pled guilty, pursuant to a written plea agreement, to distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g), 924(a)(2). The district court sentenced Howell to 110 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether a factual basis supported Howell's convictions, whether plea counsel rendered ineffective assistance, and whether the sentence is procedurally and substantively reasonable. The Government has moved to dismiss the appeal because Howell did not file a timely notice of appeal.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

2

The district court entered judgment on December 8, 2022. Howell filed the notice of appeal on March 13, 2023.* Because Howell failed to file a timely notice of appeal or to obtain an extension of the appeal period and the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion to dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

\* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Howell could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).